UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INNOVATIVE PILEDRIVING PRODUCTS, LLC and HERCULES MACHINERY CORPORATION, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CAUSE NO.  1:04-CV-453 |
| UNISTO OY, YRJO RAUNISTO and AIRI RAUNISTO, ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**
**DENYING APPROVAL OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 46.)  As the proposed order contains a major defect, it will be DENIED.

The order's definition of "confidential information" is impermissibly broad, as it proposes to seal "any document or thing, or portion thereof, designated by a party (or non-party under Paragraph 5 below) in good faith as confidential because it contains or is a trade secret or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure." (Proposed Protective Order ¶ 4.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (balancing the public's legitimate interest in everything that occurs in a legal proceeding with the potential harm to the party seeking the protective order).  However, the protective order proposed here by the parties provides an inadequate basis for finding good cause, because of its overly expansive definition of confidential information that lacks all

specifics.

First, the proposed order is too broad because it purports to declare "confidential," documents or things that merely "contain" protected information, rather than just the protected information itself. *See id*. at 945 (stating that an order sealing documents "believed to contain trade secrets" is overly broad because a document containing trade secrets may also contain material that is not a trade secret, in which case a party's interest in maintaining the trade secrets would be adequately protected by redacting only portions of the document). Second, the proposed order fails because it allows the parties too much discretion in designating material as confidential. If the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id.* at 944. Third, the proposed order contains overly broad categories of desired protected information and makes no effort to specify why these materials are confidential. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2004 WL 2663241, at *2 (N.D. Ill. Sep. 29, 2004) (denying overly broad proposed order and instructing party to file "an appropriate motion including a narrow definition of the types of documents they seek to protect and an analysis of the propriety of secrecy for each additional category of information they seek to protect from public disclosure"); *see also Erwin v. Dutch Housing, Inc.*, 2003 WL 21919189, at *1 (N.D. Ind. July 30, 2003). As the Seventh Circuit has repeatedly made clear, "the parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding, and . . . overly broad protective orders [are] simply invalid." *Erwin*, 2003 WL 21919189, at *1 (internal quotation marks omitted); *see also Cincinnati Insurance*, 178 F.3d at 945.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For the reasons contained herein, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 46.) SO ORDERED.

Enter for this 13th day of May, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
