UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INNOVATIVE PILEDRIVING PRODUCTS, LLC, and HERCULES MACHINERY CORPORATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:04-CV-453 |
| UNISTO OY, YRJO RAUNISTO and AIRI RAUNISTO, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Currently before the Court is Plaintiffs' second motion to compel discovery responses from Defendants, filed pursuant to Federal Rule of Civil Procedure 34(b). (Docket # 55.) Plaintiffs contend that Defendants inadequately responded to their first and second requests for production of documents, by failing to label the 4,567 pages of documents they produced with the request to which they are responsive. Plaintiffs also seek to recover the attorney fees they incurred in bringing and arguing the instant motion. Oral argument was heard on the motion on July 13, 2005. After considering the motion and the relevant law, the Court finds that the motion should be GRANTED in part and DENIED in part.

Defendants state that under Rule 34(b) they have the right to choose the manner in which the documents are produced; accordingly, they chose to produce the documents as they are kept in the usual course of business, which in this case is chronological order. *(See* Defs.' Resp. at 2; Decl. of Pekka Ahola ¶ 5 ("It was Unisto's practice to keep copies of all documents relating to its dealings with plaintiffs in chronological order. This is how they are kept in the ususal course

of our business."))  However, Plaintiffs argue that it is not reasonable to believe that Defendants actually kept the requested documents in the usual course of business in the manner in which they were produced to Plaintiffs. (Verified Second Mot. to Comp. Disc. ¶ 7.)

     Rule 34(b) states: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b).  While this provision prohibits a party from simply producing a mass of responsive documents in bulk, it is not entirely clear whether the producing party has the exclusive option to determine which of the two methods will be used.  7 James Wm. Moore et al., *Moore's Federal Practice* §34.14[3] (3rd ed. 2004); *Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("When producing documents, the responding party cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents."); *compare Hagemeyer*, 222 F.R.D. at 598 (stating that responding party has its choice of the two response methods), *with Bd. of Educ. of Evanston Township High Sch. Dist. No. 202 v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 36 (N.D. Ill. 1984) (stating that defendant's reading of Rule 34(b) giving it the choice of method of response is incorrect, as it "inserts a period (the British 'full stop') too early in Rule 34(b)").  Therefore, the "best approach, and one that harmonizes the two opposing positions on this issue, generally allows the producing party to choose which of the two alternative methods of production to use except when some special factor justifies allowing the requesting party to select the method, such as when the method chosen places an unreasonable burden on the party seeking production." 7 James Wm. Moore, *Moore's Federal Practice* §34.14[3].

Here, while Defendants' method of storing documents in chronological order appears unusual and inefficient, the Court cannot conclude that it places an unreasonable burden on Plaintiffs. Moreover, there is no reason to believe that Defendants would be able to locate the responsive documents from the two-box chronological file with any greater efficiency than would Plaintiffs. (*See, e.g.*, Plaintiffs' First Request for Production Nos. 5-11; Plaintiffs' Second Request for Production Nos. 2-4.) Finally, there is no indication that Defendants are attempting to hide responsive documents by utilizing this form of production, *Hagemeyer*, 222 F.R.D. at 598; after all, there is no reason to believe that Defendants went to the time and expense to assemble all 4,567 pages in chronological order simply to mask their relevance, *c.f. T.N. Taube Corp.* v. *Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991) (documents haphazardly produced in a cardboard box must be organized to respond to specific requests for production).

However, while it may be acceptable in this case to produce the responsive documents as they are kept in the usual course of business, Defendants' response seems to have some gaps. From Defendants' telling, Defendants simply produced a copy of the entire chronological file they maintained on Plaintiffs, thus satisfying the discovery request to the extent the documents exist. (Defs.' Resp. at 2; Ahola Decl. ¶ 5.) The Court finds this response likely to be inadequate in regard to the following requests, and perhaps others as well:

Plaintiffs' First Request for Production:

Request No. 3: Please provide copies of any documents or computer-generated information that Unisto possesses which mention or refer to United States Patent No. 5,568,997.

  <u>Request No. 4</u>: Please provide copies of any exhibits, evidence, or documentation that Defendants assert supports their defense of this matter.

  <u>Request No. 12</u>: Please provide copies of all invoices or purchase orders for any product sold by Unisto from 1998 to the present in North America, Puerto Rico, U.S. Virgin Islands, Guam [sic], Mexico, The Carribean [sic], and Central America.

  <u>Request No. 16</u>: Please provide copies of all documents or correspondence of any nature which mention the validity or invalidity of United States Patent No. 5,568,997.

<u>Plaintiffs' Second Request for Production</u>:

  <u>Request No. 1</u>: Please provide a copy of Unisto's warranties for its parts and/or services provided to its customers.

  <u>Request No. 5</u>: Please provide a copy of any document, memorandum, e-mail or other information created by Unisto wherein Unisto mentions the warranties it provides customers for parts and/or services.

(Verified Second Mot. to Compel Disc. Exs. I, J.)  It is simply illogical to believe that all of the documents responsive to the above requests are kept in one chronological file that Defendants maintained on Plaintiffs, because the requests cover topics that may pre-date, or are outside the scope of, their business relationship with Plaintiffs.

  Therefore, Plaintiffs' motion is hereby GRANTED in part, in that Defendants are ORDERED to either (1) supplement their response; or (2) execute an affidavit by August 5, 2005, stating under oath that there are no documents in their possession, custody, or control that are responsive to these requests, other than those already produced. *See Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)").  If additional documents are produced, unless they can be produced as they are kept in the usual course of business, they shall be organized and labeled to correspond with the categories in the request.  Since the motion is

4

being granted in part and denied in part, each side shall bear the expense of their own attorney fees and, therefore, Plaintiffs' request for fees is hereby DENIED. *See* Fed. R. Civ. P. 37(a)(4)(C).

## CONCLUSION

For the above reasons, Plaintiffs' motion to compel (Docket # 55) is GRANTED in part and DENIED in part.  SO ORDERED.

Enter for this 2[1st] day of July, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge