UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INNOVATIVE PILEDRIVING PRODUCTS, LLC, and HERCULES MACHINERY CORPORATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNISTO OY, YRJO RAUNISTO and AIRI RAUNISTO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )     CAUSE NO. 1:04-CV-453 |

## OPINION AND ORDER

Currently before the Court is Plaintiffs' first motion to compel discovery responses from Defendants (Docket # 50), filed pursuant to Federal Rule of Civil Procedure 37(a). Plaintiffs allege that Defendants responded inadequately to several interrogatories. Plaintiffs also seek to recover the attorney fees they incurred in bringing and arguing the instant motion. Oral argument was heard and concluded on the motion on July 13, 2005. After considering the motion and the relevant law, the Court finds that the motion should be GRANTED in part and DENIED in part.

Federal Rule of Civil Procedure 33 empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully." Fed R. Civ. P. 33(a), (b). The served party's duty to fully answer a particular interrogatory is relieved only if it makes a valid and timely objection. Fed. R. Civ. P. 33(b). If the served party is unable to supply the requested information, it cannot refuse to answer, but must state under oath that it is unable to provide the information and describe its efforts to obtain

the information. *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996); *see also* 7 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 33.102[3] (3rd ed. 2003). Moreover, a promise to provide the requested information in the future is not a sufficient response to an interrogatory. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997).

In this case, Plaintiffs served on or about February 17, 2005, to Defendants, the following sets of interrogatories: (1) Plaintiffs' First Set of Interrogatories to Unisto Oy, (2) Plaintiffs' First Set of Interrogatories to Airi Raunisto; (3) Plaintiffs' First Set of Interrogatories to Yrjo Raunisto; and (4) Plaintiffs' Second Set of Interrogatories to Unisto Oy.[1] After the parties stipulated to an extension of time, Defendants responded to the interrogatories on April 26, 2005. However, Plaintiffs found several of Defendants' responses unsatisfactory, and now move to compel further responses. *See* Fed. R. Civ. P. 37(a).

The disputed interrogatories, Plaintiffs' responses, and the Court's rulings are as follows:

**FIRST SET, NO. 2:** "If Unisto [Yrjo Raunisto/Airi Raunisto] failed to admit any of the accompanying Request for Admissions, for each denial, set forth all facts, evidence or legal arguments upon which Unisto [Yrjo Raunisto/Airi Raunisto] relies to support said denial."

ANSWER: "Objection: overbroad and unduly burdensome, calls for attorney-client privileged and work product information [Unisto/Yrjo Raunisto - exceeds the Court's limit for number of Interrogatories.]"

RULING: Defendants' objection is overruled in part, and Plaintiffs' motion to compel is GRANTED IN PART. The request is not overly broad or unduly burdensome, as the Admissions that Defendants denied are limited in number. (*See* Pls.' Reply at 3). The motion to compel is granted in part because, while legal arguments may be justifiably withheld, facts are discoverable. *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 388 (N.D. Ill. 1990) (ordering defendant to reveal the facts behind its legal position, as "one

---

[1] The disputed interrogatories which are identical with respect to each Defendant will be addressed by the Court simultaneously, with relevant distinctions shown in brackets.

of the main goals of discovery is to clarify, narrow, and sharpen the issues").[2] Consequently, Defendants are to state the facts or evidence that led to their denials to the Plaintiffs' Request for Admissions.

**FIRST SET, NO. 3**: "Please set forth in specific detail the terms of the present agreement between IPP and Unisto as to all rights to United States Patent No. 5,568,997."

ANSWER: "Objection: overbroad and unduly burdensome.  This information is equally available to Plaintiffs.  Defendants will answer a more narrowly tailored interrogatory."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The requested information is relevant, as it addresses the heart of the dispute between the parties, and the request is not overly broad or unduly burdensome. In short, Defendants cannot simply claim that Plaintiffs' version of the alleged agreement is incorrect, but should be required to state what they believe to be the terms.  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson Land Corp. v. Smith Barney, Inc.*, No. 5:97CV519, 2000 WL 33672980, at *3 (E.D.N.C. Dec. 8, 2000) (stating that generally an interrogatory is proper even though information sought is equally available to both parties, as it serves to narrow and define the issues for trial).

**FIRST SET, NO. 4:** "Please identify by title and date any document Unisto contends governs the agreement between IPP and Unisto as to all rights to United States Patent No. 5,568,997, if any."

ANSWER: "Objection: unduly burdensome, vague and ambiguous as to 'governs.' The terms of the license grant itself are governed by the Exclusive Patent License Agreement attached as Exhibit 1 to the Complaint, as amended and clarified by subsequent agreements including the Renewed License Agreement attached as Exhibit 4 to the Complaint, and by various correspondence between the parties."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The request is not unduly burdensome or cumulative, and the term "governs" is sufficiently specific.  Defendants' response is inadequate in that it refers to "various correspondence between the parties."  Defendants must sufficiently identify each piece of correspondence that they maintain governs the agreement.  *See Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 491 (W.D.N.C. 1998) (holding that an interrogatory requiring the served party to "perform extensive research or compile substantial amounts of data" is not automatically objectionable).

---

[2]As Defendants did not support in their response brief their initial objection that the number of interrogatories exceeded the Court's limit, the Court deems that Defendants have abandoned this argument. *E.g., Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003).

**FIRST SET, NO. 5:** "Please set forth each and every date any representative of Unisto traveled to Fort Wayne, Indiana since 1998."

ANSWER: "Objection: unduly burdensome, irrelevant.  This information is equally available to Plaintiffs.  Subject to these objections, Yrjo Raunisto made about six or seven visits to Fort Wayne since 1998.  Mikko Lindeman made at least one visit to Fort Wayne in 2002 - 2003.  Junnu Haartti visited Fort Wayne in October 2004."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The request is relevant, as it relates to Defendants' affirmative defense of lack of personal jurisdiction, and is not unduly burdensome. *See id.*  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3.  The interrogatory asks for "each and every date"; therefore, Defendants' response is inadequate because it fails to provide the information with sufficient specificity.

**FIRST SET, NO. 6:** "As to each date set forth in Interrogatory No. 5, provide the reason for the visit, the name of the Unisto representative who traveled to Fort Wayne, with whom the Unisto representative met and the substance of any conversations the Unisto representative had with those individuals."

ANSWER: "Objection: unduly burdensome.  This information is equally available to Plaintiffs.  Subject to the foregoing objections, defendants will be producing documents from which the information can be obtained.  Yrjo Raunisto's visits to Fort Wayne were for various purposes relating to the terms and performance of the license agreement between the parties, and he met with numerous people.  Mikko Lindeman traveled to Fort Wayne for the purpose of providing customer training, and met with numerous people there.  Junnu Haartti's visit to Fort Wayne was for the purpose of discussing the license agreement and disputes between the parties."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The request is not unduly burdensome, and that the information may be "equally available to Plaintiffs" is not a valid objection. *See Capacchione*, 182 F.R.D. at 491; *Wilson*, 2000 WL 33672980, at *3.  Defendants' response is inadequate, as it does not sufficiently identify which responsive documents contain the information. *Muchin v. Lincolnshire Bath & Tennis Club, Inc.*, No. 91 C 746, 1991 WL 264605, at *1 (N.D. Ill. Dec. 6, 1991) (responding party must state which documents contain the responsive information); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C 7345, 2003 WL 22682361, at *3 (N.D. Ill., Nov 12, 2003) (granting motion to compel because response failed to sufficiently identify responsive documents).  Furthermore, a promise to provide responsive documents in the future is insufficient. *Oleson*, 175 F.R.D. at 564.

**FIRST SET, NO. 7:** "Please set forth Unisto's [Yrjo Raunisto's/Airi Raunisto's] understanding of the specific terms of the Renewed License Agreement dated May 2002,

4

attached as Exhibit 3 to the accompanying request for admissions."

ANSWER: "Objection: Overbroad and unduly burdensome.  The document speaks for itself."

RULING:  Defendants' objection concerning an "understanding" of the terms of a written document is sustained, and Plaintiffs' motion to compel is DENIED.  The term "understanding" is overly broad, unduly vague, and ambiguous; the document speaks for itself. *See Tropp v. Western-Southern Life Ins. Co.*, No. 02 C 8341, 2003 WL 21688245, at *10 (N.D. Ill. July 18, 2003) ("[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it.  It speaks for itself, and the intention with which it was executed must be determined from the language used.")

**FIRST SET, NO. 8:** "Please set forth a list describing all products sold to IPP or HMC by Unisto from 1998 to the present.  For each product set forth in Interrogatory No. 8 provide the following:

1. The date of sale.
2. The cost to Unisto for each product.
3. The price charged HMC.
4. A description of the warranty provided for each product."

ANSWER: "Objection: Unduly burdensome, vague and ambiguous as to 'cost to Unisto,' and irrelevant.  Most of this information is equally available to Plaintiffs.  Subject to the foregoing objections, Defendants are producing copies of Unisto's spare parts lists including production costs, as well as inventory lists from 1998 to present and other documents responsive to this Interrogatory."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The requested information is relevant, certainly to the extent that the parties had a "cost-plus" arrangement, and the request is not unduly burdensome, vague or ambiguous. *See Capacchione*, 182 F.R.D. at 491.  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3.  Defendants' response is inadequate, as it refers to the Defendants producing "other documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**FIRST SET, NO. 9:** "Please provide a complete price list showing Unisto's cost for all parts it manufactured from 1998-present."

ANSWER: "Objection: Unduly burdensome, vague and ambiguous as to 'Unisto's cost.'  Subject to the foregoing objections, see response to Interrogatory No. 8."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is

GRANTED.  As noted immediately above, the requested information is relevant, as it requests information pertaining to a key term (cost-plus pricing) under the disputed contract, and the request is not unduly burdensome, vague or ambiguous. *See Capacchione*, 182 F.R.D. at 491.  Defendants' response is inadequate, as it refers to the Defendants producing "other documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**FIRST SET, NO. 10:** "Please provide a complete price list showing the price charged to customers for all parts manufactured by Unisto from 1998-present."

ANSWER: "Objection: Unduly burdensome, irrelevant, calls for confidential business information. Subject to above objection, Unisto is producing a copy of its current spare parts list and other documents responsive to this Interrogatory."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The requested information is relevant, as the dispute directly involves whether Defendants have honored a purported exclusivity provision of the disputed contract, and the request is not unduly burdensome, vague or ambiguous. *See Capacchione*, 182 F.R.D. at 491.  Defendants' response is inadequate, as it refers to Defendants producing "other documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**SECOND SET, NO. 1:** "Explain with particularity the warranty offered to customers who purchase Unisto products or services.  If warranties differ according to the part or service purchased, provide a description of each warranty for each part and service."

ANSWER: "Objection: This request is not relevant, and is overbroad and unduly burdensome.  Without waiving any objection, Defendants will respond to a more narrowly tailored request."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  The requested information is relevant, as the product warranties arise out of the disputed agreement.  Information regarding the types of product warranties offered, Defendants' performance under the warranties, and claims placed under warranties, may lead to evidence of the disputed agreement's terms, as well as the parties performance of its obligations under the terms.  Moreover, the request is not overly broad or unduly burdensome. *See Capacchione*, 182 F.R.D. at 491.

**SECOND SET, NO. 2**: "List the date, product type or service type for each and every occasion HMC or IPP has made a claim under Unisto's warranty."

ANSWER: "Objection: This request is not relevant, and is unduly burdensome.  The information is equally available to plaintiffs.  Without waiving any objection, Defendants are producing responsive documents."

6

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  As discussed *supra*, the requested information regarding warranty claims is relevant, and the request is not unduly burdensome. *See Capacchione*, 182 F.R.D. at 491.  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3.  Defendants' response is inadequate, as it refers to Defendants producing "responsive documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**SECOND SET, NO. 4:** "Provide the date of each warranty claim Unisto has denied since 1998 for any customer."

ANSWER: "Objection: This request is not relevant, and is unduly burdensome.  The information is equally available to plaintiffs.  Without waiving any objection, Defendants are producing responsive documents."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  As discussed *supra*, the requested information regarding warranty claims is relevant, and the request is not unduly burdensome. *See Capacchione*, 182 F.R.D. at 491.  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3.  Defendants' response is inadequate, as it refers to Defendants producing "responsive documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**SECOND SET, NO. 5:** "As to the dates provided in the previous Interrogatory, provide a description of the product or service and the reason for the warranty claim."

ANSWER: "Objection: This request is not relevant, and is unduly burdensome. The information is equally available to plaintiffs. Without waiving any objection, Defendants are producing responsive documents."

RULING:  Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED.  As discussed *supra*, the requested information regarding warranty claims is relevant, and the request is not unduly burdensome. *See Capacchione*, 182 F.R.D. at 491.  That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3.  Defendants' response is inadequate, as it refers to Defendants producing "responsive documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

**SECOND SET, NO. 7:** "Provide the date of each warranty claim Unisto has honored since 1998 for any customer."

ANSWER: "Objection: This request is not relevant, and is unduly burdensome. The information is equally available to plaintiffs. Without waiving any objection, Defendants are producing responsive documents."

>    RULING: Defendants' objection is overruled, and Plaintiffs' motion to compel is GRANTED. As discussed *supra*, the requested information regarding warranty claims is relevant, and the request is not unduly burdensome. *See Capacchione*, 182 F.R.D. at 491. That the information may be "equally available to Plaintiffs" is not a valid objection. *Wilson*, 2000 WL 33672980, at *3. Defendants' response is inadequate, as it refers to Defendants producing "responsive documents," but does not sufficiently identify the documents. *Muchin*, 1991 WL 264605, at *1; *Calgon*, 2003 WL 22682361, at *3.

For each of the inadequacies described above, Defendants are ORDERED to either (1) supplement their answers so that each interrogatory is "separately and fully" answered, Fed. R. Civ. P. 33(b)(1); or (2) state under oath that they are unable to provide the missing information and describe in detail their diligent efforts to obtain the information, *see Hansel*, 169 F.R.D. at 305. Defendants must comply with this order on or before August 15, 2005.

Plaintiffs seek to recover the attorney fees they incurred in bringing and arguing the instant motion. However, if a court determines that a responding party's nondisclosure, objection or response was "substantially justified," it will not award attorney fees. *See Alek v. Univ. of Chicago Hosps.*, No. 99C 7421, 2001 WL 1543518, at *1 (N.D. Ill. Nov. 30, 2001) (citing *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994)). "Substantially justified does not mean 'justified to a high degree,' but rather 'justified in substance or in the main'- - that is, justified to a degree that could satisfy a reasonable person." *Id*. (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). Here, Defendants' responses did not fall outside of the spectrum of reasonable litigation advocacy, as Defendants offered an expected amount of resistance to Plaintiffs' discovery requests. Moreover, Defendants have produced a significant amount of documents (at least 4,567 pages), which they believe were responsive to Plaintiffs' discovery requests. (*See* Verified Second Mot. to Compel Disc.)  Therefore, the Court finds that Defendants' responses were substantially justified, and each side shall bear the expense of their

own attorney fees. *See* Fed. R. Civ. P. 37(a)(4)(A), (C).  Thus, Plaintiffs' request for fees is hereby DENIED.

For the above reasons, Plaintiffs' motion to compel (Docket # 50) is GRANTED in part and DENIED in part.

Enter for this 21st day of July, 2005.

/S/ Roger B.Cosbey
Roger B. Cosbey
United States Magistrate Judge