UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INNOVATIVE PILEDRIVING PRODUCTS, LLC, et al., )<br>)<br>Plaintiffs and Counter-Defendants, )<br>)<br>v.  )<br>)<br>UNISTO OY, et al., )<br>)<br>Defendants and Counter-Plaintiffs. ) | CAUSE NO. 1:04-CV-453 |

## OPINION AND ORDER

### I. INTRODUCTION

Currently before the Court is a motion to compel discovery responses (Docket # 83) from Plaintiffs and Counter-Defendants Innovative Piledriving Products, LLC and Hercules Machinery Corporation (together referred to herein as "IPP/HMC") filed by Defendants and Counter-Plaintiffs Unisto Oy, Yrjo Raunisto, and Airi Raunisto (collectively referred to herein as "Unisto") pursuant to Federal Rule of Civil Procedure 37(a). Unisto alleges that IPP/HMC inadequately responded to (1) Request Nos. 1, 3, 4, 5, 6, 7, 8, 11, 15, 16, 18, and 19 from Unisto's First Request for Production of Documents; (2) Request No. 26 from Unisto's Second Request for Production of Documents; and (3) Interrogatory No. 8 from Unisto's First Set of Interrogatories. Unisto also seeks the attorney fees it incurred in bringing and arguing the instant motion.

After hearing oral argument and considering the motion and relevant law, the Court finds that the motion to compel should be GRANTED in part and DENIED in part, with further briefing to be ordered on the issue of attorney fees.

## II.  PROCEDURAL BACKGROUND

Unisto served its first set of requests for production of documents to IPP/HMC on March 10, 2005, and its second set on March 11, 2005. (Defs.' Mot. to Compel Disc. by Pls. ¶¶ 1, 2.) IPP/HMC responded to Unisto's discovery requests on April 26, 2005; however, Unisto believes that the documents and responses proffered by IPP/HMC fail to satisfy a number of Unisto's requests for production, as well as an interrogatory. (*Id*. ¶¶ 3, 5, 6.)  Therefore, after several unsuccessful attempts to resolve the purported deficiencies through conferring with IPP/HMC (*id*. ¶ 4), Unisto filed the instant motion to compel (Docket # 83).  Oral argument was heard and concluded on the motion on October 12, 2005. (Docket # 93.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody or control" of the served party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g.*, *Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind. 1990).

Federal Rule of Civil Procedure 33 empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully." Fed R. Civ. P. 33(a), (b).  The served party's duty to fully answer a particular interrogatory is relieved only if it makes a valid and timely objection. Fed. R. Civ. P. 33(b).  If

2

the served party is unable to supply the requested information, it cannot refuse to answer, but must state under oath that it is unable to provide the information and describe its efforts to obtain the information. *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996); *see also* 7 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 33.102[3] (3rd ed. 2003). Moreover, a promise to provide the requested information in the future is not a sufficient response to an interrogatory. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). The served party has an ongoing duty to amend or supplement its responses as necessary. Fed. R. Civ. P. 26(e)(2).

## IV.  DISCUSSION

### A.  *Affidavit Stating That All Responsive Documents Have Been Produced*

First, in response to Unisto's Document Request Nos. 1, 3, 4, 6, 7, 15, 16, 18, 19 and 26, IPP/HMC claims that every responsive document in its possession, custody or control has already been produced, and that the documents necessary to satisfy the rest of Unisto's requests either do not exist or are in some other entity's possession.[1] However, even if IPP/HMC has no documents to produce in response to a request, Unisto is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)"); *see also* Grening, Jay E. & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2nd ed. 2002). Accordingly, Unisto is ORDERED to execute an affidavit by October 31, 2005, (1) stating that after diligent search there are no responsive documents in its "possession, custody or control," as that term is defined *supra*, other than those previously

---

[1] While Unisto's motion did not include Document Request Nos. 6 and 26 in this category initially, at oral argument it was clear that IPP/HMC's position is the same with respect to these two requests; therefore, IPP/HMC is ordered to include Document Request Nos. 6 and 26 in the affidavit.

produced, *id.*; *see also Cent. States, S.E. and S.W. Areas Health and Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing its efforts to locate documents responsive to the requests at issue in Unisto's motion to compel, *see Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). Specifically, the affidavit must articulate the efforts IPP/HMC has taken to locate, retrieve, and restore the responsive electronic data that apparently was automatically deleted from IPP/HMC's computer systems.[2] The affidavit must fulfill these two requirements for *each* document request that IPP/HMC claims has not been satisfactorily answered, which includes Document Request Nos. 1, 3, 4, 6, 7, 15, 16, 18, 19, and 26.

### B. *Names and Addresses of Actual Customers*

In Document Request Nos. 5 and 8, and Interrogatory No. 8, Unisto seeks, among other things, the names and addresses of actual customers of IPP/HMC. IPP/HMC objects to disclosing these names and addresses on the grounds that they are (1) confidential and proprietary, and (2) irrelevant.

First, IPP/HMC's objection that the information is confidential and proprietary is unavailing, as "proprietary information is not per se undiscoverable, but rather such information can be protected from improper disclosure by an appropriate protective order." *Adams v. Target*, No. IP00-1159-C-T/G, 2001 WL 987853, at *3 (S.D. Ind. July 30, 2001). Second, the requested information is indeed relevant to damages and a plethora of claims in this case, including

---

[2]IPP/HMC's counsel stated at oral argument that he recently discovered IPP/HMC's computer system automatically deletes electronic communications after one year; thus certain electronic data responsive to Unisto's discovery requests is not readily retrievable and has not been produced. IPP/HMC stated that it would further investigate the retrieval of the deleted electronic data and promptly report to the Court and Unisto its efforts to restore the data for purposes of disclosure to Unisto.

defamation, breach of contract, trademark infringement, unfair competition, false advertising, and unfair competition. *See* Fed. R. Civ. P. 26(b)(1); *Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001) (emphasizing that information is relevant for discovery purposes "if it appears reasonably calculated to lead to the discovery of admissible evidence").

Therefore, the Court overrules IPP/HMC's objection and GRANTS Unisto's motion to compel with respect to Document Request Nos. 5 and 8, and Interrogatory No. 8.  IPP/HMC is ORDERED to produce the requested information, subject, however, to a protective order to be agreed upon by the parties that is consistent with the standards articulated in *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

### C.  Price List

In Document Request No. 8, Unisto requests disclosure of IPP/HMC's and its third parties' price lists for pile driving parts and equipment.  IPP/HMC objects on the grounds that the requested information is (1) confidential and proprietary, and (2) irrelevant.

First, IPP/HMC's objection that the information is confidential and proprietary is unavailing, because, as discussed *supra*, "proprietary information is not per se undiscoverable, but rather such information can be protected from improper disclosure by an appropriate protective order." *Adams*, 2001 WL 987853, at *3.  Second, the requested information is relevant to damages, as well as the profitability and financial situation of IPP/HMC, which was placed in issue by IPP/HMC (*see* Second Am. Compl. ¶¶ 21, 98).

Therefore, the Court overrules IPP/HMC's objection and GRANTS Unisto's motion to compel with respect to Document Request No. 8.  IPP/HMC is ORDERED to produce the requested price lists, subject, however, to a protective order agreed upon by the parties that is

consistent with the requirements of Seventh Circuit case law as articulated in *Cincinnati Insurance.*

### D.  Tax Return of John Jinnings

In Document Request No. 11, Unisto requests the tax returns from 1998 to the present of John Jinnings, an owner of IPP/HMC, claiming that they are relevant to HMC's financial straits, as well as a statement that Jinnings made in 2000 that he had not "taken a single dollar for all [his] work." (Defs.' and Counterclaimants' Reply Br. in Supp. of their Mot. to Compel Disc. by Pls. at 10.)  IPP/HMC objects, claiming that Jinning's tax returns are irrelevant since the corporate tax returns and financial statements of IPP/HMC have already been disclosed.

Indeed, Jinnings's returns are reasonably calculated to lead to the discovery of admissible evidence regarding the profitability and financial situation of IPP/HMC, as discussed *supra*, both placed in issue by IPP/HMC. *See generally Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 (7th Cir. 1992) (compelling disclosure of plaintiff's tax returns when plaintiff's claims placed his income at issue).  Furthermore, the requested information is also relevant to Jinnings's credibility, a principal player in this dispute. *See generally Fed. Deposit Ins. Corp. v. W.R. Grace & Co.*, No. 84 C 5031, 1987 WL 7810, at *1 (N.D. Ill. March 11, 1987) (citing credibility of key witness as a reason to compel discovery).

However, Unisto procedurally attempts to compel the production of Jinnings's tax returns through Rule 34, which applies solely to parties. *See* Fed. R. Civ. P. 34.  Jinnings is not a party to this dispute.  Accordingly, the motion to compel with respect to Document Request No. 11 is DENIED, leaving Unisto to seek Jinnings's returns under Rule 45. *See* Fed. R. Civ. P. 45.

### E.  Request for Attorney Fees

Unisto seeks to recover the attorney fees it incurred in bringing and arguing the instant motion. *See* Fed. R. Civ. P. 37(a)(4)(A).  To this end, Unisto is directed to file a supplemental request for fees in support of its motion.  Once filed, IPP/HMC will have fifteen days to object to the amount of the fees and/or show that its position was substantially justified, *id*., and Unisto will then have ten days to reply to IPP/HMC's response.  The Court will then rule on Unisto's request.

IPP/HMC is admonished, however, that any attorney fees which may be imposed in conjunction with the instant motion are for *past* discovery failures; that is, any failure to comply with this Order is grounds for additional *future* sanctions, including but not limited to, an order barring IPP/HMC from supporting or opposing designated claims or defenses. *See* Fed. R. Civ. P. 37(b)(2)(B); *see also Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448 (S.D. Ohio 1995) (entering default judgment against defendant as a sanction for failing to comply with court's discovery orders).

## V. CONCLUSION

For the reasons stated herein, Unisto's motion to compel (Docket # 83) is GRANTED in part and DENIED in part. Specifically, IPP/HMC is ordered to (1) file an affidavit pursuant to Section IV(A) of this Order on or before October 31, 2005, with respect to Document Request Nos. 1, 3, 4, 6, 7, 15, 16, 18, 19, and 26; and (2) respond to Document Request Nos. 5 and 8, and Interrogatory No. 8, subject to a stipulated protective order between the parties.  Furthermore,

Unisto is ordered to file supplemental request for attorney fees in support of its motion.

    SO ORDERED.

    Enter for this 14th day of October, 2005.

                                                        /S/ Roger B. Cosbey
                                                        Roger B. Cosbey,
                                                        United States Magistrate Judge